UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KALEB ALEXANDER HOOSIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 24-CV-0232-CVE-CDL |
| | ) | |
| ELON MUSK, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Now before the Court are plaintiff's complaint (Dkt. # 1) and Motion for Leave to Proceed In Forma Pauperis and Supporting Affidavit (Dkt. # 2). On April 12, 2024, plaintiff Kaleb Alexander Hoosier filed a pro se complaint (Dkt. # 1) and a motion to proceed in forma pauperis (Dkt. # 2). In reliance upon the representations and information set forth in plaintiff's motion for leave to proceed in forma pauperis, the Court finds that the motion should be granted. Plaintiff is permitted to file and maintain this action to conclusion without prepayment of fees and costs. 28 U.S.C. § 1915(a). However, because authorization to proceed in forma pauperis excuses only prepayment of the fee, plaintiff remains obligated to pay the full $350 filing fee when he is able to do so. See Brown v. Eppler, 725 F.3d 1221, 1230-31 (10th Cir. 2013) (noting that obligation to pay full amount of filing fee extends to all litigants who proceed in forma pauperis because "all § 1915(a) does for a litigant is excuse *pre*-payment of fees"). Because the Court authorizes plaintiff to proceed without prepayment, he is not required to pay the $52 administrative fee.

Under 28 U.S.C. § 1915(a), a federal district may allow a person to commence a civil action without prepayment of costs or fees and, although the statute references "prisoners," the Tenth Circuit has determined that the requirements of § 1915 apply to all persons seeking to proceed in

forma pauperis. Lister v. Dep't of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005). Plaintiff is requesting leave to proceed in forma pauperis and the requirements of § 1915 are applicable to this case. Section 1915(e)(2) requires the district court to dismiss a case if at any time the court determines that "the action . . . (i) is frivolous or malicious [or] (ii) fails to state a claim on which relief may be granted . . . ."

Plaintiff cites 15 U.S.C. § 78i, also known as Section 9(a) of the Securities and Exchange Act of 1934, which provides that:

> **(a) Transactions relating to purchase or sale of security**
>
> It shall be unlawful for any person, directly or indirectly, by the use of the mails or any means or instrumentality of interstate commerce, or of any facility of any national securities exchange, or for any member of a national securities exchange--
>
> > (1) For the purpose of creating a false or misleading appearance of active trading in any security other than a government security, or a false or misleading appearance with respect to the market for any such security, (A) to effect any transaction in such security which involves no change in the beneficial ownership thereof, or (B) to enter an order or orders for the purchase of such security with the knowledge that an order or orders of substantially the same size, at substantially the same time, and at substantially the same price, for the sale of any such security, has been or will be entered by or for the same or different parties, or (C) to enter any order or orders for the sale of any such security with the knowledge that an order or orders of substantially the same size, at substantially the same time, and at substantially the same price, for the purchase of such security, has been or will be entered by or for the same or different parties.
>
> > (2) To effect, alone or with 1 or more other persons, a series of transactions in any security registered on a national securities exchange, any security not so registered, or in connection with any security-based swap or security-based swap agreement with respect to such security creating actual or apparent active trading in such security, or raising or depressing the price of such security, for the purpose of inducing the purchase or sale of such security by others.

• • •

> (6) To effect either alone or with one or more other persons any series of transactions for the purchase and/or sale of any security other than a government security for the purpose of pegging, fixing, or stabilizing the price of such security in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.[1]

Plaintiff argues that Elon Musk intentionally attempted to devalue Dogecoin by publicly referring to the cryptocurrency as a "hustle," and plaintiff alleges that Dogecoin lost over fifty percent of its value because of Musk's statements. Dkt. # 1, at 1-2. Plaintiff claims that his life spiraled out of control after the value of Dogecoin plummeted, and his portfolio lost half of its value as a result of Musk's public comment about Dogecoin. Id. at 2. Plaintiff seeks over $50 million in damages. Id.

Plaintiff does not appear to be alleging a claim under state law, and the Court finds no basis for plaintiff to proceed with a state law claim. Construing plaintiff's allegations broadly, he could be alleging that Musk made defamatory comments about Dogecoin. However, plaintiff lacks standing to bring a defamation claim, because Musk's statements were not directed at plaintiff and did not harm his reputation. Grogan v. KOKH, LLC, 256 P.3d 1021 (Okla. Civ. App. 2011) ("the tort action for defamation has existed to redress injury to the plaintiff's reputation by a statement that is defamatory and false); Zeran v. Diamond Broadcasting, Inc., 19 F. Supp. 2d 1249 (W.D. Okla. 1997) (plaintiff must offer evidence of harm to his own reputation to sustain a defamation claim under Oklahoma law). The Court can discern no other possible basis for a claim arising under state law, and plaintiff has not adequately alleged a claim arising under state law.

---

[1] The Court has omitted sections of the statute pertaining to dealers, brokers, security-based swap dealers, and major security-based swap participants, because plaintiff has made no allegations suggesting that he would fall into any of those categories of persons potentially permitted to bring a claim under § 78i(a).

The Court will also consider whether plaintiff's complaint could be construed to allege a colorable claim arising under federal law. Generally, the "well-pleaded complaint" rule requires that the federal question appear on the face of the plaintiff's properly pleaded complaint. See Garley v. Sandia Corp., 236 F.3d 1200, 1207 (10th Cir. 2001) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.")(citing Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)). Plaintiff has not alleged any facts suggesting that he is an appropriate person to bring a claim under § 78i and, in any event, his claim would be barred by the statute of limitations. Section 78i states that "[n]o action shall be maintained to enforce any liability created under this section, unless brought within one year after the discovery of the facts constituting the violation and within three years after such violation." 15 U.S.C. § 78i(f). Plaintiff alleges that Musk publicly disparaged Dogecoin on an episode of Saturday Night Live on May 8, 2021 and, due to the public nature of Musk's comments, the statute of limitations began to run immediately after Musk made his appearance on Saturday Night Live. Plaintiff filed his complaint on May 15, 2024, which is both more than one year after Musk appeared on Saturday Night Live and three years after the alleged violation of § 78i occurred. Plaintiff also lacks standing to bring a claim under § 78i, because he has made no allegations that he actually purchased or sold a security of which the value was affected by Musk's allegedly false or misleading statement. See 15 U.S.C. § 78i(f); Scottrade, Inc. v. BroCo Investments Inc., 774 F. Supp. 2d 573, 582 (S.D.N.Y. 2011). Plaintiff has not alleged a colorable claim arising under federal law, and his complaint should be dismissed for failure to state a claim upon which relief can be granted.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Leave to Proceed In Forma Pauperis and Supporting Affidavit (Dkt. # 2) is **granted**.

**IT IS FURTHER ORDERED** that plaintiff's Complaint (Dkt. # 1) is **dismissed without prejudice** under 28 U.S.C. § 1915 for failure to state a claim upon which relief can be granted. A separate judgment of dismissal is entered herewith.

**DATED** this 22nd day of May, 2024.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE